# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br>James R. Biggs and<br>Christina N. Biggs,<br><br>Debtors. | Bankruptcy Case<br>No. 16-40558-JDP |

_____

| | |
|---|---|
| H. Clair Cheirett,<br><br>Plaintiff,<br><br>vs.<br><br>James R. Biggs,<br><br>Defendant. | Adv. Proceeding<br>No. 16-8026-JDP |

_____

### MEMORANDUM OF DECISION

_____

**Appearances:**

Steven A. Wuthrich, Montpelier, Idaho, Attorney for Plaintiff.

Ryan E. Farnsworth, AVERY LAW, Idaho Falls, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION – 1

### *Introduction*

Plaintiff H. Clair Cheirett  commenced this adversary proceeding

against Defendant James Robert Biggs alleging that a debt owed to him

under a state court money judgment is excepted from discharge in

Defendant's bankruptcy case under  § 523(a)(4).[1]  Dkt. No. 1.  To that end,

Plaintiff filed a motion for summary judgment – the subject of this

decision.  Dkt. No. 12.  Defendant responded, albeit belatedly, the Court

heard counsels' arguments on the motion, and took the issues under

advisement.  Dkt. Nos. 19, 23.  This Memorandum resolves Plaintiff's

motion.

### *Facts*

Plaintiff has identified the following as the undisputed material

facts.

Plaintiff owns two Radio Shack stores, including one in Afton,

---

[1]  Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal
Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references
are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 2

Wyoming.  Compl., Dkt. No. 1 at ¶ 1; Aff. of H. Clair Cheirett, Dkt. No. 12-

2 at ¶ 2.  Defendant was employed at the Afton store from October 19,

2012, to July 15, 2013.  Dkt. No. 1 at ¶ 3; Dkt. No. 12-2 at ¶ 3.  Defendant

stole cash and merchandise worth an estimated $20,000 during the brief

term of his employment by Plaintiff.  Dkt. No. 1 at ¶ 4; Dkt. No. 12-2 at ¶ 4.

Defendant admitted he committed the thefts, and returned some of the

merchandise and cash, having a total value of $4,078.94; Defendant still

owes Plaintiff $15,921.06.  Dkt. No. 1 at ¶ 4; Dkt. No. 12-2 at ¶ 5.

Plaintiff sued Defendant to recover his losses in state court on April

16, 2015.  Dkt. No. 1 at ¶ 5; Dkt. No. 12-2 at ¶ 6.[2]  Defendant, through

counsel, filed an answer to Plaintiff's complaint on June 12, 2015.  Dkt. No.

12-2 at ¶ 7.  Plaintiff filed a motion for summary judgment, Dkt. No. 1 at

¶ 5; Dkt. No. 12-2 at ¶ 6; Defendant filed no response to the motion.  Dkt.

No. 1 at Ex. A; Dkt. No. 12-2 at ¶¶ 7-9.

Neither Defendant nor his counsel appeared at the January 7, 2016,

---

[2] *Cheirrett v. Biggs*, CV-2015-65, Sixth Judicial District Court, State of
Idaho.

MEMORANDUM OF DECISION – 3

hearing in state court on Plaintiff's motion.  Dkt. No. 1 at Ex. A; Dkt. No.

12-2 at ¶ 9.  At the hearing, Plaintiff's counsel advised the state court judge

that Defendant's counsel had informed him that day that he was ill, and

wished to continue the hearing; Plaintiff's counsel would not agree to a

continuance.  Dkt. No. 1 at Ex. A.  The hearing proceeded and the state

court granted Plaintiff's motion on January 11, 2016.  Dkt. No. 1 at ¶ 6, and

Ex. A.  The court's minute entry and order stated that "the basis for this

judgment is Defendant's embezzlement from his former employer, the

Plaintiff."  *Id*.  A money judgment was entered in Plaintiff's favor against

Defendant for $22,268.19 for the value of the stolen goods and cash, pre-

judgment interest, court costs, and attorneys fees; post-judgment interest

accrued on the judgment at the statutory rate, 5.375 percent per annum.  *Id*.

at ¶ 7 and Ex. B.

On June 24, 2016, Defendant filed a chapter 7 bankruptcy petition.

BK Dkt. No. 1.  On September 9, 2016, Plaintiff commenced this adversary

proceeding.  Dkt. No. 1.  On October 11, 2016, Defendant, through counsel,

filed an answer to the adversary complaint.  Dkt. No. 7.  On October 21,

MEMORANDUM OF DECISION – 4

2016, Plaintiff filed a motion for summary judgment.  Dkt. Nos. 12, 14.  On

January 6, 2017, Defendant filed a response to the motion.  Dkt. No. 19.  On

January 9, 2017, Plaintiff replied to Defendant's response.  On January 11,

2017, the morning of the noticed hearing on the motion, Defendant filed his

affidavit opposing the summary judgment motion.  Dkt. Nos. 20, 21.  After

hearing from counsel, the Court took the issues under advisement.

### *Analysis and Disposition*

A.   <u>Summary Judgment Standard</u>

Motions for summary judgment are governed by Civil Rule 56, made

applicable in adversary proceedings by Rule 7056.  The Rule instructs that

the Court "shall grant summary judgment if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Civil Rule 56(a); *Wank v. Gordon (In re*

*Wank)*, 505 B.R. 878, 886 (9th Cir. BAP 2014) (Summary judgment is

appropriate "if the movant shows that there is no genuine issue as to any

material fact and the movant is entitled to judgment as a matter of law.").

A fact issue is "genuine" if there is enough evidence for a reasonable trier

MEMORANDUM OF DECISION – 5

of fact to make a finding in favor of the non-moving party. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). A fact is "material" if, "under the governing substantive law . . . it could affect the outcome of the case." *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 760-61 (9th Cir. 2008) (quoting *Thrifty Oil Co. v. Bank of Am. Nat'l Tr. & Savs. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986))).

In considering a motion for summary judgment, the Court may not weigh the evidence. *In re Wank*, 505 B.R. at 886. Nor may it make credibility determinations or make inferences in the course of its ruling, if it is possible to infer otherwise. *Anderson*, 477 U.S. at 255. Indeed, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*.

A party asserting that a fact is either undisputed, or is genuinely in dispute, "must support the assertion" through citation to specific portions of the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made

MEMORANDUM OF DECISION – 6

for purposes of the motion only), admissions, interrogatory answers, or

other materials" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party

cannot produce admissible evidence to support the fact."  Civil Rule

56(c)(1); *In re Caneva*, 550 F.3d at 761 (quoting *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986)).  "Once the moving party meets its burden, the non-

moving party must 'set out specific facts showing a genuine issue for

trial.'" *In re Caneva*, 550 F.3d at 761 (quoting Fed. R. Civ. P. 56(e)(2)).

Finally, the Rule provides that if a party does not properly support

an assertion of fact, or fails to address another party's assertion of fact, as

required by Civil Rule 56(c), the Court may:

> (1) give an opportunity to properly support or address the
> fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting
> materials – including the facts considered undisputed – show
> that the movant is entitled to it; or
> (4) issue any other appropriate order.

Civil Rule 56(e).

///

MEMORANDUM OF DECISION – 7

B.    Procedural Issues

Plaintiff filed the motion for summary judgment in this adversary

proceeding on October 21, 2016.  Dkt. No. 12.  In a notice properly served

on Defendant's counsel, Plaintiff advised Defendant that the hearing on the

motion would occur on January 11, 2017.  Dkt. No. 14.  Under the

applicable Local Bankruptcy Rules for this District, Defendant was

required to file and serve any submissions opposing Plaintiff's motion no

later than fourteen days before the hearing, in this case, by December 28,

2016.  LBR 7056.1(b)(2) ("If the opposing party desires to file affidavits or

other materials, that party shall do so at least fourteen (14) days before the

date of the hearing.  The opposing party shall also file a responsive brief,

and a statement of disputed and undisputed facts, at least fourteen (14)

days prior to the hearing.").

In contravention to the time limits in the Local Bankruptcy Rules,

here, Defendant filed no response to Plaintiff's summary judgment motion

until January 6, 2017, a mere five days prior to the noticed hearing.

Moreover, Defendant's affidavit supporting his objection to the motion

MEMORANDUM OF DECISION – 8

was not filed until the morning of the hearing.  The Local Bankruptcy

Rules address the consequences of Defendant's noncompliance with the

deadlines.  Local Bankruptcy Rule 7056.1(d) provides:

> [i]f a party fails to comply with the requirements of this rule or
> with applicable orders entered by the court related to motions
> or proceedings on summary judgment, or should it appear
> that affidavits are presented in bad faith or for purposes of
> delay, the court may continue the hearing and, after notice and
> a reasonable time to respond, may impose costs, attorney's
> fees and sanctions against a party, the party's attorney, or
> both.

At the January 11, 2017, hearing on the motion, the Court pointed

out the requirements of the Local Bankruptcy Rules to Defendant's

counsel, and sought his input regarding how the Court ought to proceed in

light of Defendant's tardy submissions.  The Court suggested that either

Defendant's response and affidavit could be stricken, or the hearing could

be continued to a later date with costs and fees to be imposed against

Defendant, his counsel, or both.[3]  Defendant's counsel indicated he did not

want the hearing continued, apparently preferring that the Court simply

---

[3] Defendant's counsel made little effort to explain or excuse the tardy
submissions.   The Court need not speculate here as to the reasons.

MEMORANDUM OF DECISION – 9

disregard Defendant's late-filed response and affidavit concerning

Plaintiff's motion.  Consistent with this election, the Court will do exactly

that: it will strike Defendant's submissions and will treat Plaintiff's

summary judgment motion as, essentially, unopposed.[4]

C.      Plaintiff's Motion

Without effective opposition, Plaintiff has established as a matter of

undisputed fact that Defendant owes Plaintiff a debt under the state court's

money judgment.  But though the Court will deem Defendant's responses

to Plaintiff's motion stricken, thus removing any question about whether

any material facts are in dispute, under Civil Rule 56, Plaintiff must

nonetheless demonstrate that he is entitled to judgment as a matter of law.

Plaintiff argues that the debt owed to him by Defendant is

nondischargeable pursuant to § 523(a)(4).  Plaintiff's theory is that, because

the state court expressly concluded in its order and judgment that

---

[4] The Court need not weigh the ethical propriety or wisdom of counsel's
decision to forego a continuance in favor of the Court striking Defendant's
submissions.  That is a matter counsel must be squared with Defendant, his
client.

MEMORANDUM OF DECISION – 10

Defendant had embezzled funds and merchandise from Plaintiff's

business, this conclusion should be afforded preclusive effect by this Court,

and thus, Plaintiff has made his case for an exception to discharge for a

debt for "embezzlement" under that term's meaning in § 523(a)(4).  As a

result, Plaintiff argues, he is entitled to summary judgment.

     1.     *Issue Preclusion re: Discharge Exceptions*

     A bankruptcy court may rely on the preclusive effect of a state court

judgment as the basis for granting summary judgment.  *Plyam v. Precision*

*Dev., LLC (In re Plyam)*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (citing *Khaligh*

*v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 831-32 (9th Cir. BAP 2006)).  The

party asserting preclusion bears the burden of establishing the threshold

requirements.  *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th

Cir. 2001)).  In considering whether to apply issue preclusion, this Court is

bound by the law applicable in the forum that entered the judgment or

order.  *In re Plyam*, 530 B.R. at 462 (citing *In re Harmon*, 250 F.3d at 1245).

     Here, the state court judgment sought to be enforced was entered by

an Idaho court, therefore, Idaho issue preclusion law applies.  Under Idaho

MEMORANDUM OF DECISION – 11

case law, there are five elements required in order for issue preclusion to bar the relitigation of an issue determined in a prior legal proceeding: 1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; 2) the issue decided in the prior litigation was identical to the issue presented in the present action; 3) the issue sought to be precluded was actually decided in the prior litigation; 4) there was a final judgment on the merits in the prior litigation; and 5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *Berkshire Invs., LLC v. Taylor*, 278 P.3d 943, 951 (Idaho 2012); *Ticor Title Co. v. Stanion*, 157 P.3d 613, 618 (Idaho 2007); *Catmull v. Vierra (In re Vierra)*, 08.2 I.B.C.R. 56, 59-60 (Bankr. D. Idaho 2008) (quoting *Dominiguez v. Elias (In re Elias)*, 302 B.R. 900, 911 (Bankr. D. Idaho 2003)).

2.    *Discussion*

Plaintiff contends the issue of Defendant's embezzlement of Plaintiff's merchandise and cash was heard and finally decided by the state court, and should be given preclusive effect here.  In determining whether

MEMORANDUM OF DECISION – 12

Plaintiff is correct, the Court will consider each of the state case law factors.

> a.    Full and Fair Opportunity to Litigate the Issue

The Court must first consider whether Defendant had a full and fair opportunity to litigate the issues in state court. The Court concludes that he did. In *Bach v. Bagley*, the plaintiff's claims were dismissed for failure to file a complaint that conformed to the Federal Rules of Civil Procedure. 229 P.3d 1146, 1157 (Idaho 2010). But the Idaho Supreme Court held this procedural dismissal did not preclude a finding of issue preclusion in a subsequent action because the plaintiff:

> had a full and fair opportunity to litigate the issue despite the dismissal because he was given the opportunity to amend his complaint so that it complied with the F.R.C.P. and he failed to do so. We have held that a party had a full and fair opportunity to litigate where an argument could have been made in a prior proceeding.

*Id*. Idaho courts have also held that a default judgment may form the basis for issue preclusion. *Waller v. State, Dept. of Health and Welfare*, 192 P.3d 1058, 1062-63 (Idaho 2008) ("absent fraud or collusion, the principle of *res judicata* applies equally in cases of default judgment").

MEMORANDUM OF DECISION – 13

In this case, in the state court, Defendant appeared in the state court action and contested Plaintiff's complaint in an answer.  Plaintiff then filed a summary judgment motion and noticed the motion for a hearing. Defendant failed to respond to the motion or attend the hearing.  The state court granted summary judgment in Plaintiff's favor.  Under the Idaho precedents, the Court concludes that Defendant had a full and fair opportunity to litigate the issues in state court, including whether Defendant committed an embezzlement, and failed to do so.  Accordingly, this factor has been met.

   b.  <u>Identity of Issues</u>

Although the Court was not given a copy of Plaintiff's state court complaint, Plaintiff's counsel represented at the motion hearing that the only legal claim asserted against Defendant therein was for embezzlement. Indeed, the minute entry entered by the state court after the hearing reflects that the only basis for the judgment was Defendant's "embezzlement from his former employer, [the Plaintiff]".

However, to determine if the issues litigated in state court are

MEMORANDUM OF DECISION – 14

identical to those presented in the adversary proceeding, the Court must

consider whether the elements of a cause of action for embezzlement relied

upon by the state court as the basis for its judgment are the same as those

this Court must apply in this discharge litigation, as federal, bankruptcy

law dictates the definition of embezzlement for purposes of § 523(a)(4).

*King v. Lough (In re Lough)*, 422 B.R. 727, 735 (Bankr. D. Idaho 2010).

The Court has discussed the meaning of embezzlement in this

context before.  Under § 523(a)(4), "embezzlement" refers to "the

fraudulent appropriation of property by a person to whom such property

has been [e]ntrusted or into whose hands it has lawfully come." *Id*. (citing

*Moore v. United States*, 160 U.S. 268, 269 (1895).  Thus, to establish an

embezzlement for the purposes of nondischargeability, a creditor must

demonstrate 1) that property was rightfully in the possession of a

nonowner, 2) that the nonowner appropriated the property to a use other

than for which it was entrusted, and 3) the circumstances indicate fraud.

*In re Lough,* 422 B.R. at 735 (citing *Transamerica Commercial Fin. Corp. v.

Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991); *First Delaware Life*

MEMORANDUM OF DECISION – 15

*Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 576 (9th Cir. BAP 1997); *Kiss*

*Enters., Inc. v. Mirth (In re Mirth)*, 99.4 I.B.C.R. 148, 151 (Bankr. D. Idaho

1999)).  Embezzlement under § 523(a)(4) does not require the existence of a

fiduciary relationship between the parties.  *Murray v. Woodman (In re*

*Woodman)*, 451 B.R. 31, 41 (Bankr. D. Idaho 2011) (citing *In re Littleton*, 942

F.2d at 555).

      The case law in Idaho, however, sends mixed messages regarding

what constitutes an embezzlement in a civil context.  On one hand, the

Idaho Supreme Court has observed that "where the facts show a

misappropriation of funds one may waive the tort and sue upon an

implied contract for money had and received.  Such an action is based

upon the tort of embezzlement, yet the action is one *ex contractu*, in which

the plaintiff may have a writ of attachment."  *Wallace v. Perry*, 257 P.2d 231,

233 (Idaho 1953) (internal citations omitted).  On the other, the Idaho Court

of Appeals, in an unpublished decision, recently stated that

MEMORANDUM OF DECISION – 16

"[e]mbezzlement is a criminal offense, Idaho Code § 18–2403[5], and there

is no civil tort of embezzlement.  Rather, a civil litigant must bring an

action in conversion or trespass to chattels.  Because the plaintiff had

alleged embezzlement in a civil case, the district court properly dismissed

that claim." *Kerr v. Bank of Am., Idaho, N.A.*, 2011 WL 11047661 *8 (Idaho

Ct. App., Nov. 22, 2011).[6]

This Court has previously opined that "the traditional common law

definition of an embezzlement and the statutory crime of embezzlement in

Idaho are fairly congruent: an embezzlement occurs when a person

fraudulently appropriates property of another which has been entrusted to

---

[5]  The crime of embezzlement under Idaho law occurs "when a person who has lawful possession of the property of another and then, with fraudulent intent, appropriates the property to his own use." *State v. Stricklin*, 32 P.3d 158, 163 (Idaho Ct. App. 2001) (citing *State v. Hamilton*, 935 P.2d 201, 204 (Idaho Ct. App. 1997)).

[6]  According to the state appellate court's web page:  "No unpublished opinion shall constitute precedent or be binding upon any court.  Except to the extent required by res judicata, collateral estoppel, the law of the case doctrine or any other similar principle of law, no unpublished opinion shall be cited as authority to any court."  IDAHO COURT OF APPEALS UNPUBLISHED OPINIONS, https://isc.idaho.gov/appeals-court/coaunpublished (last visited February 7, 2017).

MEMORANDUM OF DECISION – 17

him." *Matter of Shuler*, 21 B.R 643, 644 (Bankr. D. Idaho 1982). It is

arguably unclear under the current state case law whether a civil claim for

relief for embezzlement exists in Idaho. However, the Court is confident in

concluding that, if such a claim is appropriate, its elements are sufficiently

similar to those under the federal case law to afford issue preclusive effect

to an Idaho court embezzlement judgment. Because the state court

expressly found an embezzlement occurred in this case, under this Court's

decisions, the Court concludes the issues litigated in state court were the

same as those required to establish an embezzlement under § 523(a)(4).

<u>c.</u>    <u>Issue was Actually Decided</u>

This element for preclusion is also met. The record is clear, and this

Court need not speculate, that the state court entered summary judgment

in favor of Plaintiff and against Defendant on the basis of embezzlement.

The standard for entry of summary judgment in the state court is the same

as in the federal courts, and requires that the movant be entitled to

judgment as a matter of law. Idaho R. Civ. P. 56(a); *Navo v. Bingham*

*Memorial Hosp.*, 373 P.3d 681, 688 (Idaho 2016).

MEMORANDUM OF DECISION – 18

### d.   A Final Judgment on the Merits was Entered

This factor is met because the state court granted summary judgment on the basis of embezzlement, and entered a money judgment against Defendant in favor of Plaintiff.  The fact that Defendant did not actively oppose Plaintiff's motion in state court is of no moment: "Preclusion is appropriate even if the summary-judgment motion went unopposed; the court still must decide that the moving party has carried the summary-judgment burden, and a party should not be able to salvage a losing position for another day by simply walking away from the summary-judgment proceeding."  18A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 4444 (2d ed. 2002); *Johnson v. State*, 353 P.3d 1086, 1089-90 (Idaho Ct. App. 2015).

### e.   Identity of Parties

The parties in state court are the same as those in this action.

### *Conclusion*

Section 523(a)(4) excepts from discharge debts that arise from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or

MEMORANDUM OF DECISION – 19

larceny." Plaintiff relies solely on a claim of embezzlement here.[7] Each of the state law factors having been met, issue preclusion supplies the necessary finding in this action that Defendant engaged in an embezzlement for the purposes of this adversary proceeding. Plaintiff has established that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. Accordingly, Plaintiff's motion for summary judgment will be granted, and the debt represented by the state court judgment owed to Plaintiff is excepted from discharge in Defendant's bankruptcy case.

The Court will enter a separate order granting Plaintiff's motion. Since summary judgment is granted on the sole claim in the complaint, counsel for Plaintiff shall submit an appropriate form of final judgment for

---

[7] Since Defendant admitted he committed the thefts, an exception to discharge under § 523(a)(4) may also be appropriate for "larceny," because "the debtor has wrongfully and with fraudulent intent taken property from its owner." *In re Mirth*, 99.4 I.B.C.R. at 151; *see also, Custer v. Dobbs (In re Dobbs)*, 115 B.R. 258, 265 (Bankr. D. Idaho 1990) ("Larceny differs from embezzlement in the fact that the original taking of the property was unlawful, and without the consent of the injured person."). Since Plaintiff, in his complaint and summary judgment motion, advanced no such argument, the Court expresses no further opinion on that issue.

MEMORANDUM OF DECISION – 20

entry by the Court.  Counsel for Defendant shall approve the form of that

judgment.

Dated:  February 7, 2017

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 21